UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW LIFE CELEBRATION CHURCH OF GOD, INC., | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| CHURCH MUTUAL INSURANCE COMPANY, now known as CHURCH MUTUAL INSURANCE COMPANY, S.I. | ) ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, New Life Celebration Church Of God, Inc. ("New Life"), by counsel, files this Complaint for damages against Defendant, Church Mutual Insurance Company, now known as Church Mutual Insurance Company, S.I. (Church Mutual), and states as follows:

**Parties**

1. At all times relevant herein, New Life was the owner of certain real estate and improvements located at 14243 Dante Ave, Dolton, Cook County, Illinois 60419, and operated as a religious institution (the "Parish"). The Parish consisted of several buildings on the property.

2. At all times relevant herein, Church Mutual is and has been a Wisconsin Property & Casualty insurance carrier licensed to conduct business in the State of Illinois. At all times relevant herein, Church Mutual acted through its employees, agents and representatives.

## Jurisdiction and Venue

3. The Court has jurisdiction under 28 U.S.C. § 1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. The Northern District is the appropriate venue because the subject property is located in Cook County, Illinois.

## The Policy

5. On or about March 22, 2010, Church Mutual issued a policy of insurance to New Life, with coverages for, among other benefits, property and liability coverage. New Life has continued to renew this Policy, and it remains in effect to this day. This lawsuit relates to a renewal policy, under policy number 0252568-02-102591, with effective dates of March 22, 2018 to March 22, 2021 (the "Policy"). [A copy of the Policy is attached as Exhibit 1 and incorporated by reference herein.]

6. The Policy remained in force throughout the duration of the term and was subsequently renewed for an additional term.

7. New Life paid all premiums that came due during the subject term of the Policy, as well as all prior and subsequent terms.

## The Loss

8. On or about June 10, 2020, the Parish buildings sustained damage as a result of a sudden and accidental physical loss (the "Loss").

9. New Life first noticed the damage and Loss in early 2021 and retained Semper Fi Public Adjusters ("Semper Fi") to inspect and estimate the Loss, and to assist it with making a claim for coverage with Church Mutual.

10. Semper Fi inspected the property and determined that New Life had sustained the Loss from a June 10, 2020 storm, causing significant exterior and interior property damage at the Parish. Thereafter, New Life, through its designated representative Semper Fi, contacted Church Mutual and made a timely claim for property insurance coverage under the Policy. Church Mutual subsequently assigned it claim number 1446140 (the "Claim").

11. On May 27, 2021, the adjuster for Church Mutual arranged for the inspection of the Parish, but refused to complete a full and complete inspection of the Loss.

12. On June 15, 2021, Church Mutual's representatives again inspected the Parish and documented significant sudden and accidental physical damage to the Parish.

13. Thereafter, Church Mutual acknowledged that New Life sustained a covered loss under the Policy, and on or about August 23, 2021, Semper Fi received a loss report from Church Mutual's representative who inspected on June 15, 2021.

14. Thereafter, Semper Fi continued to present additional information regarding the Claim and Loss, to ensure that Church Mutual provided New Life with the coverage benefits its was entitled to receive under the Policy, and to ensure that that Church Mutual provided sufficient replacement cost proceeds to properly repair the Parish, pursuant to its replacement cost coverage.

15. However, in November of 2021, Church Mutual reassigned the Claim to a new claims adjuster.

16. Thereafter, Church Mutual advised that it was to have a new replacement cost estimate prepared for the loss, but failed and refused to provide the same in a timely manner, and demanded a proof of loss be submitted by New Life.

17. On or about May 11, 2022, New Life submitted to Church Mutual a Sworn Proof of Loss and an itemized estimate for damages caused by the Loss and by Church Mutual's handling of the Claim (the "Sworn Proof of Loss").

18. On or about June 3, 2022, Church Mutual responded to the Sworn Proof of Loss by claiming that it had already partially denied the claim, and further advising that New Life had up to and including June 20, 2022 to file suit against Church Mutual. The letter further made false and defamatory allegations against New Life and Semper Fi.

19. New Life has complied with all conditions precedent to coverage and to bringing this action and/or Church Mutual has waived or is otherwise estopped from asserting the same.

## COUNT I- BREACH OF CONTRACT

20. The subject policy is a valid contract ("contract") between New Life and Church Mutual.

21. In addition to the provisions in the subject policy, amendments and endorsements, the contract further includes additional provisions required by law, as well as an obligation by Church Mutual to exercise a covenant of good faith and fair dealing towards New Life.

22. The Parish sustained a covered loss under the subject as a result of

a wind, hail, rainstorm on June 10, 2020.

23. Church Mutual has breached its contract with Plaintiff in one or more of the following ways:

    a) Failing and refusing to pay for the replacement cost and/or actual cash value for the Plaintiff's damaged property;

    b) Failing and refusing to pay for the mitigation costs required under the Policy;

    c) Failing and refusing to pay New Life and/or their contractors in accordance with certain agreements entered and/or unilaterally terminating and/or breaching agreements entered with New Life and/or their contractors regarding his claim;

    d) Misrepresenting Church Mutual's policies regarding coverages, benefits and payment of coverages;

    e) Misrepresenting facts and circumstances relating to the Claim;

    f) Failing and refusing to pay the cost to replace Plaintiff's damaged property, without legal excuse or justification;

    g) Failing and refusing to pay Plaintiff pursuant to the replacement cost coverage for which they paid additional premiums and costs;

    h) Unnecessarily delaying the handling of the Claim, without legal excuse or justification;

    i) Failing, refusing or unnecessarily delaying inspection of the subject property and/or investigating the loss; and

    j) Failing to exercise good faith and fair dealing in its handling of New Life's claim.

24. As a direct and proximate result of Church Mutual's breach of contract with Plaintiff, Plaintiff has suffered contractual and consequential damages, including but not limited to:

5

    a)    The loss and damage to their property without indemnification provided for in the Policy;

    b)    The loss of use of their property and other insurance benefits;

    c)    The increased cost to repair and/or replace their property that was insured; and

    d)    Other consequential damages.

WHEREFORE, Plaintiff, New Life Celebration Church of God, Inc., by counsel, respectfully requests judgment its favor and against Defendant, Church Mutual Insurance Company, now known as Church Mutual Insurance Company, S.I., and further requests the following relief:

    a)    Award Plaintiff payment of all proceeds available and due under the subject policy;

    b)    Award Plaintiff all reasonable compensatory and consequential damages;

    c)    Award Plaintiff recoverable prejudgment interest, and costs; and

    d)    Award Plaintiff all other just and proper relief.

**COUNT II – VIOLATION OF SECTION 155 OF THE INSURANCE CODE**

25. New Life hereby reasserts and realleges Paragraphs 1 through 24 as the allegations contained in this Paragraph 25, as though fully set forth herein.

26. After New Life discovered the Loss, Plaintiff duly notified Church Mutual of the Loss, the circumstances leading up to the Loss, and the scope of the damages that had occurred at the Parish.

27. Thereafter, New Life, through its designated representative, Semper Fi, had multiple communications with agents or other representatives of

Church Mutual, regarding the Loss and Claim. Church Mutual, through its agents and representatives, inspected the damaged Parish, other damaged property on or about May 27, 2021, and have further reinspected the Loss thereafter.

28. Subsequent thereto, New Life, by and through its designated representative, Semper Fi, have made demands to Church Mutual for the payment of the sums that they have and/or will have to expend to repair and replace the Parish and other property. In so doing, New Life and/or their designated representatives have provided State Farm with photos, estimates and other documentation to support its Loss and Claim, and have further personally shown and demonstrated such Loss to Church Mutual during inspections.

29. On or about May 11, 2022, New Life submitted to Church Mutual a Sworn Proof of Loss, with a detailed estimate, as demanded by Church Mutual.

30. On or about June 3, 2022, Church Mutual denied that coverage existed for portions of Loss, and further denied payment for a portion of the Loss that had been incurred.

31. By failing to determine the facts and circumstances that led up to the Loss, and to the nature and extent of damage that occurred thereafter, Church Mutual refused or failed:

    a. To interview witnesses who had relevant information about when the Loss occurred;

    b. To interview witnesses who had relevant information about how the Loss occurred;

    c. To interview witnesses who had relevant information about the cause of the Loss; and

7

    d.    To correctly and fairly determine the nature of the damaged property.

32.    At all relevant times herein, there was in effect in the State of Illinois the following statute:

> (1)    In any action by or against a company wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount-not to exceed anyone of the following amounts:
>
> (a)    60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
> (b)    $60,000;
> (c)    the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action. 215 ILCS 5/155.3.

33.    Church Mutual also acted both vexatiously and unreasonably toward New Life, without reasonable cause, by intentionally delaying and prolonging its investigation into the facts and circumstances, thereby depriving New Life the use of its property.

WHEREFORE, Plaintiff, New Life Celebration Church of God, Inc., by counsel, respectfully requests judgment in its favor and against Defendant, Church Mutual Insurance Company, and further requests the following relief:

    a)    Award Plaintiff its reasonable attorney's fees and costs incurred in the prosecution of this matter;

    b)    Award an amount as described in 215 ILCS5/155, sub-paragraphs 1(a) through (c); and

c) Grant other relief honorable and just under the circumstances.

## **Jury Demand**

New Life demands trial by jury.

Respectfully submitted,

/s/ Thomas W. Hargrove
Thomas W. Hargrove
Pluymert, MacDonald, Hargrove & Lee, Ltd.
2300 Barrington Road, Suite 220
Hoffman Estates, IL 60169
(847) 310-0025– Phone
pleadings@lawpmh.com

9